IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MEDMARC CASUALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 12-818 |
| WILLIAM LEIGHTON, LEIGHTON & BRANTLEY, PLLC, AND LAW OFFICES OF WILLIAM LEIGHTON PLLC, | § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff **MEDMARC CASUALTY INSURANCE COMPANY** ("MEDMARC" or "Plaintiff") and files this Original Complaint against Defendants **WILLIAM LEIGHTON, LEIGHTON & BRANTLEY, PLLC and LAW OFFICE OF WILLIAM LEIGHTON, PLLC** (collectively referred to as "Leighton") and in support thereof will show the Court as follows:

### I. PARTIES

1.1 Plaintiff MedMarc Casualty Insurance Company is incorporated in the State of Vermont with its principal place of business located at 14280 Park Meadow Drive, Suite 300, Chantilly, Virginia 20151-2219.

1.2 Defendant William Leighton is an individual that may be served with process by serving him at his place of employment at 12117 Bee Caves Road, Suite 3-240, Austin, Texas 78738.

1.3 Defendant Leighton & Brantley, PLLC is a limited liability company organized under the laws of the State of Texas with its principal place of business at 12117 Bee Caves Road,

Suite 3-240, Austin, Texas 78738. Defendant can be served with process by serving its registered agent William R. Leighton at the same location.

1.4 Defendant Law Office of William Leighton, PLLC is limited liability company organized under the laws of the State of Texas with its principal place of business at 12117 Bee Caves Road, Suite 3-240, Austin, Texas 78738.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction exists under 28 U.S.C. §2201 *et seq.* and Rule 57 F.R.C.P., for the purposes of determining a question of actual controversy between the parties, and under 28 U.S.C.S. §§1331 and 1332. Jurisdiction of this Court is based on the diversity of citizenship between Plaintiff and Defendants, where Plaintiff is a foreign citizen, and because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

2.2 MedMarc Casualty Insurance Company is incorporated in the State of Vermont with its principal place of business in Virginia.

2.3 Defendants Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC, and William Leighton are all established under the laws of the State of Texas with their principal place of business at 12117 Bee Caves Road, Suite 3-240, Austin, Texas 78738. Jurisdiction over this matter is further found under 28 U.S.C.S. §1331 because Plaintiff seeks a declaration as to the duties owed under a liability policy issued to Leighton.

## III. INTRODUCTION

3.1 This case arises out of a dispute between Plaintiff and Defendants as to the construction and interpretation of a liability insurance policy issued by MedMarc to Leighton.

3.2 Plaintiff MedMarc maintains that it has no obligation to defend and/or indemnify Leighton in the lawsuit styled *Robert Lindsey Duncan, Cheryl Marie Duncan, and*

*Genesis Today, Inc. v. William Leighton, Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC*, Cause No. D-1-GN-09-003817 filed in the 200th Judicial District Court of Travis County, Texas ("Underlying Lawsuit"). MedMarc seeks a declaration that it has no duty to defend and/or indemnify Leighton in the Underlying Lawsuit based upon the requirement that the acts or omissions that give rise to the claims in the Underlying Lawsuit must occur during the policy period and the application of several exclusions within the MedMarc policy. Alternatively, MedMarc seeks a declaration that if it owes the duty to indemnify, only one claim arises through the Underlying Lawsuit.

## IV. FACTS

4.1 The Underlying Lawsuit was filed by the Duncans and Genesis Today, Inc. against Leighton on the basis of faulty legal and financial counsel allegedly provided by Leighton relating to estate planning and asset protection for the Duncans after the partial sell of their business in 2007 and relating to asset protection for Genesis Today, Inc..

4.2 MedMarc issued Preferred Lawyers Professional liability policy number 08APTX01511 to Leighton & Brantley, PLLC for the policy period of December 28, 2008 to December 28, 2009. This is a claims-made policy with defense costs included within the limits of liability.

4.3 The MedMarc policy includes the following insuring agreement and defense terms:

### SECTION I: INSURING AGREEMENT

A. **Professional Liability "Claims" Made Insuring Clause**

The Company shall pay on behalf of the **"Insured"** all sums in excess of the Deductible, that the **"Insured"** shall become legally obligated to pay as **"Damages"** because of a **"Claim"** resulting from an act or omission in the performance of, or failure to perform **"Professional Services"**, but only if such **"Claim"** is: 1) first made against the **"Insured"** during the **"Policy**

Period" or an Extended Reporting Period; and 2) reported in writing to the Company during the "**Policy Period**" or an Extended Reporting Period.

\* \* \*

The insurance provided by this Policy only applies if the act or omission or "**Related act or omission**" that is the basis for the "**Claim**" happens either:

1. during the "**Policy Period**"; or
2. prior to the "**Policy Period**" and on or after the "**Retroactive Date**", if any, but only if all of the following conditions are satisfied:

   (a) prior to the "**Policy Period**", no "**Insured**" gave notice of such act or omission or any "**Related act or omission**" to any other insurer or to the Company; and

   (b) prior to the "**Policy Period**", no "**Insured**" had: i) a reasonable basis to believe any such act or omission or any "**Related act or omission**" was a breach of a professional duty; or ii) a reasonable basis to foresee that such act or omission or "**Related act or omission**" could result in a "**Claim**" against any "**Insured**"; and

   (c) subject to the limitation contained in SECTION IV: EXTENDED REPORTING PERIODS, there is no other policy that provides coverage for such "**Claim**", unless the available limit of liability of such policy is insufficient to pay any "**Claim**", in which even this Policy will be excess over such policy.

4.4 There is no coverage, including no duty to defend, under the MedMarc policy to the extent that the Duncans and Genesis Today, Inc. first made their claims against Leighton prior to the December 28, 2008 policy period.

4.5 Also, there is no coverage, including no duty to defend, under the MedMarc policy to the extent that the act or omission or "related act or omission" that is the basis of the claim occurred prior to the policy period (12/08/2008) but before the retroactive date (12/28/2000) and Leighton did give notice to another carrier, did have a reasonable basis to believe the act or omission could result in a claim and there is other insurance that covers the Duncans' and Genesis Today, Inc.'s claims in the Underlying Lawsuit.

4.6 The Duncans have sued William Leighton, Leighton & Brantley, PLLC and the Law Office of William Leighton. The named insured on the MedMarc Policy is "Leighton & Brantley, PLLC". There is no coverage for the Law Office of William Leighton unless it is a "predecessor firm". Nor is William Leighton an insured unless the Duncans' claim

and Genesis Today, Inc.'s claim results from the performance of or failure to perform professional services on behalf of Leighton & Brantley, PLLC, the named insured.

4.7   Furthermore, the MedMarc policy defines "Professional Services" as:

> Services performed by an **"Insured"** for others as an attorney, speaker, author of legal treatises, arbitrator, mediator, title agent, bankruptcy trustee, or notary public, but only while all necessary licenses are in effect; and

\* \* \*

The Duncans and Genesis Today, Inc. claim numerous acts or omissions of Defendants caused damages. Various of these acts or omissions of which the Duncans and Genesis Today, Inc. complain do not constitute services performed as an attorney, speaker, author of legal treatises, arbitrator, mediator, title agent, bankruptcy trustee, or notary public, and thus, do not constitute "professional services" covered under the MedMarc policy.

4.8   Furthermore, the MedMarc policy excludes the following:

> **SECTION V: EXCLUSIONS FROM COVERAGE**
> Notwithstanding any other provision in this Policy to the contrary, this Policy does not apply:
> A.   To any **"Claim"** arising out of any illegal, dishonest, fraudulent, criminal, deliberate or malicious act or omission committed by any **"Insured"**. The Company will defend a civil **"Claim"** alleging such conduct, provided that in the event a judgment or other final adjudication by a court establishes such conduct by the **"Insured"**, the Company shall have the right to be reimbursed by the **"Insureds"** and the **"Named Insured"**, jointly and severally, for any **"Claim Expenses"** paid to defend such **"Claim"**. In no event will the Company have any liability under this Policy to pay on behalf of the **"Insured"** any **"Damages"** arising from such **"Claim"**, or to defend any criminal or disciplinary action or proceeding arising from such **"Claim"**.
> \* \* \*
> D.   To any **"Claim"** arising out of bodily injury, mental anguish, emotional distress, mental illness, humiliation, sickness, disease or death of any person, or physical or mental injury to or destruction of any tangible property, including all loss of use of that property, or loss of use of tangible property that is not physically injured, except that this exclusion shall not apply to mental illness, or mental or emotional distress, or humiliation caused by **"Personal Injury"**.
> \* \* \*

> I.  To any "**Claim**" arising out of, in whole or in part, any "**Securities Work**" of the "**Insured**". However, this exclusion shall not apply to legal representation of parties in litigation or arbitration of any matter involving securities.
>
> \* \* \*
>
> N.  To any "**Claim**" arising out of the rendering, or failure to render, investment advice or the performance, or failure to perform, investment services, including the sale, purchase or retaining of any investments, or any advice as to the sale, purchase or retaining of any investments.

4.9  The Duncans and Genesis Today, Inc. claim that Defendants committed fraud and such conduct was committed knowingly, with actual awareness and malice and intent. Damages resulting from this type of conduct, including exemplary damages, are excluded under Exclusion A.

4.10  There is no coverage for any conduct that causes mental anguish or emotional distress under Exclusion D.

4.11  Exclusions I and N specifically apply to any claims arising out of "Securities Work" and investment advice. These are the primary conduct upon which the Duncans and Genesis Today, Inc. have based their claims. MedMarc seeks a judicial declaration that these exclusions apply to the claims made against Leighton in the Underlying Lawsuit.

4.12  The limits of liability of the MedMarc policy are $1m for each **Claim**. The policy states that "Two or more "**Claims**" arising out of a single act or omission or out of any "**Related acts or omissions**" shall be treated as a single "**Claim**.:" "**Claim**" is defined by the policy to mean "a demand for money or services made against any **"Insured"**, including service of a suit, arbitration proceedings or a motion ...." **"Related acts or omissions"** is defined by the policy to mean "all acts or omissions resulting from the performance of, or failure to perform, **"Professional Services"** that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event , advice or decision."

With respect to the definition of a "Claim", there is currently only one lawsuit brought by both the Duncans and Genesis Today. In addition, the claims by the Duncans and Genesis Today are temporally, logically and causally connected by common facts, circumstances and advice. Both the Duncans and Genesis Today sought advice from Leighton regarding investments that would provide a good rate of return and were safe, insured and risk-free. Both sought the same advice and both received the same advice from Leighton. As a result, these are **Related acts or omissions** as that term is defined by the policy and that only one limit of liability would apply.

4.13 The insuring agreement in the policy provides that:

    **D.**    **"Damages"** means any compensatory monetary judgment or award, or any settlement consented to by the Company, but does not include any of the following or any injuries that are a consequence thereof.

        1.    Punitive or exemplary amounts in a judgment or award, or the multiplied portion of any judgments or awards, against any **"Insured"** or others;

        2.    Compensatory amounts for mental anguish, emotional or mental distress, or humiliation, except amounts for mental anguish, emotional or mental distress, or humiliation caused by **"Personal Injury"**, or . . . .

In the case at hand, punitive damages are being sought from the Defendants by the Duncans and Genesis Today. To the extent that punitive damages are being sought, they would not be covered under the terms of the policy.

## V.    DECLARATORY JUDGMENT

5.1 MedMarc incorporates the factual allegations made in paragraphs 4.1 through 4.11, and it incorporates those allegations herein by reference for all purposes, as though more fully set forth in detail.

5.2 MedMarc seeks a declaration that there is no coverage, including no duty to defend and/or indemnify, Leighton, or any of Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC, and/or William Leighton, as the act or omissions that are the basis of the Underlying Lawsuit did not occur during the policy period and Leighton, or any of Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC, and/or William Leighton, did give notice to another carrier, did have a reasonable basis to believe the act or omission could result in a claim and there is other insurance that covers the Duncans' claim.

5.3 MedMarc seeks a declaration that there is no coverage, including no duty to defend and/or indemnify, the Law Office of William Leighton unless it is a "predecessor firm" or William Leighton an insured unless the Duncans' and Genesis Today, Inc.'s claims result from the performance of or failure to perform professional services on behalf of Leighton & Brantley, PLLC, the named insured.

5.4 MedMarc seeks a declaration that there is no coverage, including no duty to defend and/or to indemnify, Leighton, or any of Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC, and/or William Leighton, based upon acts or omissions that do not constitute "professional services," as defined under the MedMarc policy.

5.5 MedMarc seeks a declaration that there is no coverage, including no duty to defend and/or indemnify, Leighton, or any of Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC, and/or William Leighton, based upon the application of Exclusions A, D, I and N.

5.6 For these reasons, MedMarc has no duty to defend and/or indemnify Leighton in the Underlying Lawsuit. Plaintiff MedMarc seeks a declaration as to its rights under the terms of the policy of insurance at issue in this case.

5.7 Alternatively, if MedMarc owes a duty to indemnify, MedMarc seeks a declaration that there is only one "Claim," as that term is defined in the MedMarc Policy arising through the causes of action asserted by the Duncans and by Genesis Today, Inc. within the Underlying Lawsuit.

5.8 Alternatively, MedMarc seeks a declaratory that punitive damages are not covered by the policy.

## VI. PRAYER

6.1 For the reasons stated, Plaintiff prays that the Defendants be cited to appear herein and that upon final disposition of this cause Plaintiff take:

    a. A declaration that MedMarc has no duty to defend Leighton, or any of Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC, and/or William Leighton, in the Underlying Lawsuit;

    b. A declaration that MedMarc has no duty to indemnify Leighton, or any of Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC, and/or William Leighton, in the Underlying Lawsuit;

    c. A declaration that if MedMarc has the duty to indemnify Leighton, or any of Leighton & Brantley, PLLC, Law Office of William Leighton, PLLC, and/or William Leighton, in the Underlying Lawsuit, that the asserted causes of action brought in the Underlying Action by the Duncans and Genesis Today, Inc. constitute only one "Claim," as that term is defined under the MedMarc Policy.

    d. Attorneys fees;

    e. Costs of the Court; and

    f. All such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: _____
**R. BRENT COOPER**
Texas Bar No. 04783250
Southern District Bar No. 18271
**DIANA L. FAUST**
Texas Bar No. 00793717
Southern District Bar No. 619603

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEYS FOR PLAINTIFF MEDMARC CASUALTY INSURANCE COMPANY**