**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MEDMARC CASUALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.   A-12-CA-818-LY** |
| **WILLIAM LEIGHTON, LEIGHTON &** | § | |
| **BRANTLEY, PLLC, and LAW** | § | |
| **OFFICES OF WILLIAM LEIGHTON,** | § | |
| **PLLC** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT,**
**AND DEFENDANTS' ORIGINAL COUNTERCLAIMS**

Defendants William Leighton, Leighton & Brantley, PLLC, and Law Offices of William Leighton, PLLC, hereby answer Plaintiff's First Amended Complaint ("Complaint"), and also file Defendants' Original Counterclaims, and state as follows:

**Admissions and Denials**

1.1:    On information and belief, Defendants admit the allegations contained in Paragraph No. 1.1.

1.2:    Defendants admit the allegations contained in Paragraph No. 1.2.

1.3:    Defendants admit the allegations contained in Paragraph No. 1.3.

1.4:    Defendants admit the allegations contained in Paragraph No. 1.4.

2.1:    Defendants admit that this Court has jurisdiction over the claims asserted in this suit under 28 U.S.C. §2201 *et seq.* and Rule 57 F.R.C.P., and that there is diversity of citizenship between the parties. Defendants deny the remaining allegations contained in Paragraph No. 2.1.

2.2:     Defendants admit the allegation contained in Paragraph No. 2.2.

3.1:     Defendants admit that this case arises out of a dispute between Plaintiff and Defendants as to the construction of a liability insurance policy issued by MedMarc to Leighton, but deny the allegations contained in Paragraph No. 3.1 to the extent they imply that such policy does not provide coverage to all Defendants.

3.2:     Defendants admit that MedMarc takes the positions and seeks the declaration described in Paragraph No. 3.2, but Defendants deny that MedMarc's positions have any merit, or that MedMarc is entitled to the relief it seeks.

4.1:     Defendants admit that they were sued by the Duncans and Genesis Today, that the lawsuit was ultimately referred to FINRA arbitration. Defendants aver that the pleadings filed by Genesis Today and the Duncans in the lawsuit and Underlying Arbitration speak for themselves. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.1

4.2:     Defendants aver that the pleadings filed by Genesis Today and the Duncans in the lawsuit and Underlying Arbitration speak for themselves, but admit that the characterization of such pleadings is generally accurate. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.2.

4.3:     Defendants aver that the pleadings filed by Genesis Today and the Duncans in the lawsuit and Underlying Arbitration speak for themselves, but admit that the characterization of such pleadings is generally accurate. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.3.

4.4:     Defendants aver that the pleadings filed by Genesis Today and the Duncans in the lawsuit and Underlying Arbitration speak for themselves, but admit that the characterization of

such pleadings is generally accurate. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.4.

4.5:    Defendants aver that the pleadings filed by Genesis Today and the Duncans in the lawsuit and Underlying Arbitration speak for themselves, but admit that the characterization of such pleadings is generally accurate. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.5.

4.6:    Defendants aver that the pleadings filed by Genesis Today and the Duncans in the lawsuit and Underlying Arbitration speak for themselves, but admit that the characterization of such pleadings is generally accurate. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.6.

4.7:    Defendants aver that the pleadings filed by Genesis Today and the Duncans in the lawsuit and Underlying Arbitration speak for themselves, but admit that the characterization of such pleadings is generally accurate. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.7.

4.8:    Defendants aver that the pleadings filed by Genesis Today and the Duncans in the lawsuit and Underlying Arbitration speak for themselves, but admit that the characterization of such pleadings is generally accurate. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.8.

4.9:    Defendants admit the allegations contained in Paragraph 4.9.

4.10:   Defendants admit that the policy contains the provisions as quoted in Paragraph 4.10.

4.11:   Paragraph 4.11 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 4.11.

4.12:    Paragraph 4.12 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 4.12.

4.13:    Defendants admit that the Statement of Claims filed by the Duncans names William Leighton, Leighton & Brantley, PLLC and the Law Office of William Leighton, and that the named insured on the MedMarc Policy is "Leighton & Brantley, PLLC," but denies the remaining allegations of Paragraph 4.13.  Paragraph 4.13 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 4.13.

4.14:    Defendants admit that Plaintiff has accurately quoted a portion of the applicable insurance policy. Paragraph 4.14 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the remaining allegations contained in Paragraph No. 4.14.

4.15:    Paragraph 4.15 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the remaining allegations contained in Paragraph No. 4.15.

4.16:    Defendants admit that Plaintiff has accurately quoted a portion of the applicable insurance policy. To the extent not expressly admitted, Defendants deny the remaining allegations contained in Paragraph No. 4.16.

4.17:    Defendants aver that the Statement of Claims filed by the Duncans and Genesis Today speaks for itself. Paragraph 4.17 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the remaining allegations contained in Paragraph No. 4.17.

4.18:    Defendants admit that Plaintiff has accurately quoted a portion of the applicable insurance policy. Paragraph 4.18 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the remaining allegations contained in Paragraph No. 4.18.

4.19:    Defendants admit that Plaintiff has accurately quoted a portion of the applicable insurance policy. To the extent not expressly admitted, Defendants deny the remaining allegations contained in Paragraph No. 4.19.

4.20:    Paragraph 4.20 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.20.

4.21:    Paragraph 4.21 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.21.

4.22:    Defendants aver that the Statement of Claims filed by the Duncans speaks for itself. Paragraph 4.22 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.22.

4.23:    In response to Plaintiff's characterizations of various portions of the insurance policies, Defendants state that the policy or policies speak for themselves. To the extent not expressly admitted, Defendants deny the remaining allegations contained in Paragraph 4.23.

4.24:    Defendants admit that the claims asserted against them by the Duncans and Genesis Today are pending in a single arbitration matter. Defendants admit that the Duncans and Genesis Today both invested money with Stanford. Paragraph 4.24 contains legal conclusions that do not require a response. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 4.24.

5.1:    Defendants incorporate by reference herein their responses to the preceding paragraphs of the Plaintiff's Original Complaint.

5.2:    Defendants admit that MedMarc seeks the described declaration. Defendants deny that Plaintiff is entitled to the described declaration. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 5.2.

5.3:    Defendants admit that MedMarc seeks the described declaration. Defendants deny that Plaintiff is entitled to the described declaration. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 5.3.

5.4:    Defendants admit that MedMarc seeks the described declaration. Defendants deny that Plaintiff is entitled to the described declaration. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 5.4.

5.5:    Defendants admit that MedMarc seeks the described declaration. Defendants deny that Plaintiff is entitled to the described declaration. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 5.5.

5.6:    Defendants admit that MedMarc seeks the described declaration. Defendants deny that Plaintiff is entitled to the described declaration. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 5.6.

5.7:    Defendants admit that MedMarc seeks the described declaration. Defendants deny that Plaintiff is entitled to the described declaration. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 5.7.

6.1:    Defendants admit that MedMarc seeks the described relief, but deny that Plaintiff is entitled to the described relief. To the extent not expressly admitted, Defendants deny the allegations contained in Paragraph No. 6.1.

## COUNTERCLAIMS

### A.    Factual Background.

1.    As stated in Plaintiff's First Amended Complaint, Defendants were sued by Robert Lindsey Duncan, Cheryl Duncan, and Genesis Today, Inc. That lawsuit, initially filed in Harris County, Texas, was later transferred to Travis County, Texas, and then referred to arbitration where it remains pending as of the time of this filing (hereinafter the "Underlying Arbitration").

2.    Defendants purchased an insurance policy from Plaintiff for claims made against them (hereinafter the "MedMarc Policy"). The policy, which is identified and referenced in paragraph 4.9 of Plaintiff's First Amended Complaint, covers Defendants for breaches of Defendants' duties to their clients.

3.    The Duncans and Genesis Today claim that they sought legal advice from Defendants in this case regarding estate planning and asset protection, and that Defendants provided such legal advice.

4.    The Duncans and Genesis Today further claim that Defendants violated their (Defendants') duties to them (the Duncans and Genesis Today) by failing to disclose a fee sharing arrangement between Defendants and Stanford Group Company.

5.    Robert Lindsey Duncan and Cheryl Duncan are both natural persons. Genesis Today is a corporation formed under the laws of the State of Texas. Legal advice of the nature sought by the Duncans and Genesis Today is substantially different due to the difference between the Duncans and Genesis Today, *i.e.*, due to the differences between natural persons and corporations. Additionally, the duties owed by an attorney may apply differently based on the varied status of the clients.

6.      The claims made against Defendants by the Duncans and Genesis Today, if true, are for breaches of the standard of care and duties owed by Defendants, specifically William Leighton, in his role as an attorney. Consequently, such breaches (if any) are covered acts under the applicable insurance policy.

**B.      Request for Declaratory Judgment.**

7.      Defendants reassert and re-allege all preceding paragraphs.

8.      Defendants seek a declaration that there is coverage under the MedMarc Policy, including a duty to defend and indemnify, all Defendants, with respect to the claims made against Defendants by the Duncans and Genesis Today in the Underlying Arbitration.

9.      Defendants further seek a declaration that the acts and omissions alleged by the Duncans and Genesis Today constitute more than one "Claim" as that term is defined in the MedMarc Policy.

## CONCLUSION AND PRAYER

For these reasons, Defendants respectfully request that this Court:

(a)  render judgment against Plaintiff on its claims;

(b)  dismiss Plaintiff's claims with prejudice;

(c)  grant Defendants a declaratory judgment that there is coverage under the MedMarc Policy, including a duty to defend and indemnify, all Defendants, with respect to the claims made against Defendants by the Duncans and Genesis Today in the Underlying Arbitration;

(d)  grant Defendants a declaratory judgment that the acts and omissions alleged by the Duncans and Genesis Today constitute more than one "Claim" as that term is defined in the MedMarc Policy;

(e)  award Defendants' their reasonable and necessary attorneys' fees and costs of court; and

(f)  grant Defendants all further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

WILSON TROSCLAIR & LOVINS, PLLC
2600 Via Fortuna, Suite 130
Austin, TX 78746
Tel: (512) 535-1649
Fax: (512) 535-7082
E-Mail: Michael@WTLFirm.com


By:  /s/ Michael E. Lovins
Michael E. Lovins
State Bar No. 24032555
Attorney for Defendants




## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing has been served by electronic transmission on all counsel of record through the Court's CM/ECF system on this the 17th day of May, 2013.

R. Brent Cooper
Tarron Gartner
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas  75202
Facsimile:      (214) 712-9540




/s/ Michael E. Lovins
Michael E. Lovins